IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Criminal Case No. 3:09cr00018-2** |
| | ) | |
| v. | ) | **2255 FINAL ORDER** |
| | ) | |
| **KAREEM ANTOINE TURNER.** | ) | **By: Norman K. Moon** |
| | ) | **United States District Judge** |

Kareem Antoine Turner, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence of 180 months for drug and firearm charges. Turner alleges that his plea was not knowing and voluntary and that counsel provided ineffective assistance on several grounds. This matter is before the court on the government's motion to dismiss. I find that none of Turner's claims have merit and, therefore, I will grant respondent's motion to dismiss.[1]

### I.

On July 29, 2009, Turner and three co-defendants were charged in a thirteen count superseding indictment in the Western District of Virginia; four counts were alleged against Turner. Count One charged Turner with conspiring to distribute and possessing with the intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846. Count Two charged Turner with using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Count Six charged Turner with possessing and bartering stolen firearms, in violation of 18 U.S.C. § 922(j). Count Seven charged Turner with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(j).

---

[1] Moreover, it appears that several, if not all, of Turner's ineffective assistance of counsel claims are waived by his plea agreement; however, the United States does not raise this argument in its motion to dismiss. Accordingly, I will address the merits of each of Turner's claims.

On September 23, 2009, Turner was arraigned on the superseding indictment and Dana Slater was appointed as counsel to represent Turner. A trial date of November 9, 2009 was initially set but later continued to March 24, 2010 upon the motion of the United States.

On November 3, 2009, the United States provided extensive discovery to Ms. Slater and, in a letter dated the same day, summarized Turner's exposure in the case and proposed a plea offer. The United States offered that if Turner would plead guilty to Counts One and Two of the superseding indictment for a total sentence of 20 years incarceration, the United States would agree not to file a sentencing information, pursuant to 21 U.S.C. § 851, which would double the mandatory minimum sentence in Count One to twenty years and result in a total mandatory minimum sentence of 30 years. The United States also noted Turner's option of cooperating with law enforcement to further reduce his sentence.

On January 11, 2010, having received no response from Ms. Slater despite numerous attempts to make contact, the United States filed a sentencing information pursuant to 21 U.S.C. § 851. The United States received no response from Ms. Slater after the § 851 enhancement was filed. On March 5, 2010, Ms. Slater filed a motion to continue the trial and on March 8, 2010, I held a hearing on the motion. During the hearing, counsel for the United States outlined the lack of communication he had with Ms. Slater since the day she had been appointed and expressed concern that Ms. Slater was not prepared to go to trial on March 24, 2010, as was scheduled. Ms. Slater conceded her lack of communication and ultimately, I relieved her as counsel of record. I appointed Francis McQuaid Lawrence as counsel to represent Turner and continued the trial to June 24, 2010.

Shortly after Mr. Lawrence's appointment, he determined that he had a conflict in the case and, consequently, on March 26, 2010, I permitted him to withdraw as counsel. On that

same day, a family member of Turner's retained David L. Heilberg as counsel to represent Turner. However, on April 20, 2010, Mr. Heilberg advised me that there existed such a poor relationship between himself and Turner that he was unable to adequately and effectively represent Turner. I permitted Mr. Heilberg to withdraw as counsel and on April 26, 2010, I appointed Wayne Barry Montgomery to represent Turner. However, after reviewing voluminous discovery in the case, Mr. Montgomery determined that he too had a conflict. On May 20, 2010, I permitted Mr. Montgomery to withdraw as counsel and appointed Gregory W. Bowman to represent Turner. On May 28, 2010, I granted Mr. Bowman's request to continue the trial until October 4, 2010.

On September 30, 2010, Turner pled guilty to Counts One and Six of the superseding indictment pursuant to Federal Rule of Civil Procedure 11(c)(1)(C) for an agreed upon term of 180 months incarceration. Pursuant to the plea agreement, Turner also waived his rights to appeal and collaterally attack his conviction and sentence. In exchange for Turner's plea and waivers, the United States agreed, *inter alia*, to not use Turner's prior felony drug offense to enhance his sentence under § 851. Turner initialed every page of the plea agreement, including the page containing the waivers of his rights to appeal and collaterally attack the judgment and his sentence. By signing the plea agreement, Turner affirmed that he had read the plea agreement, that he had carefully reviewed every part of the agreement with his attorney, that he understood the agreement, and that he voluntarily agreed to its terms.

During Turner's plea hearing on the same day, Turner stated under oath that he could read and understand English, that he had completed 10th grade, and that he was not under the influence of any drug, medication, or alcoholic beverage. I found that Turner was competent to plead.

3

Case 3:09-cr-00018-NKM-RSB   Document 233   Filed 12/20/12   Page 3 of 12   Pageid#: 632

I also established that Turner was aware of the nature of the charges against him, that he understood the range of punishment that he faced, that he understood how the United States Sentencing Guidelines might apply in his case, and that he knew that he had the right to a jury trial. I further established that Turner was aware that he would be bound by his plea agreement, even if his sentence was more severe than he expected.

I instructed Mr. Bowman to review the salient portions of the plea agreement that Turner had reached with the United States. I asked Turner if the agreement described in court was different than the way he understood the agreement to be, to which Turner responded, "[n]o, sir." Turner affirmed that he read and understood the plea agreement before he signed it, and that no one had made any promises or induced him to plead guilty.

After all of my questions and statements, Turner pled guilty to Counts One and Six. I ultimately accepted Turner's plea and found that it was a "knowing and voluntarily plea supported by an independent basis in fact containing each of the essential elements of the offense." Turner endorsed a guilty plea acknowledgment form in open court stating that counsel had fully explained the charges contained in the indictment before Turner was called upon to plead, that he had been advised of maximum punishment, and that his plea was knowing and voluntary, without threat or promise other than those disclosed in open court.

Prior to sentencing, a presentence report was prepared which calculated Turner's guideline range to be 324 to 405 months. On December 21, 2020, I accepted the terms of the plea agreement and sentenced Turner to a total term of 180 months incarceration.

In his § 2255 motion, Turner argues that his plea was not knowing and voluntary and that Ms. Slater and Mr. Bowman both provided ineffective assistance. Specifically, Turner argues that Ms. Slater provided ineffective assistance in failing to communicate with regard to the

4

government's initial plea offer and suggestion that Turner provide substantial assistance. Turner also argues that Mr. Bowman provided ineffective assistance in misadvising Turner that he would be a career offender and face a life sentence if he was convicted at trial and in failing to advise Turner that he could challenge the drug weight at sentencing.

## II.

Turner alleges that his plea was not knowingly and voluntarily made. However, this claim contrasts sharply with the statements Turner made during his plea colloquy when he affirmed to the court that his plea was both knowing and voluntary. Upon consideration of Turner's claim, I find that his plea was entered both knowingly and voluntarily, and therefore, I will dismiss this claim.

"[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity,' because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); and citing *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003)). Because the declarations carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings. *United States v. White*, 366 F.3d 291, 295-96 (4th Cir. 2004) (quoting *Blackledge*, 431 U.S. at 74).

During his plea hearing, Turner affirmed that he understood the terms of the plea agreement including the appeal and collateral attack waivers, that he was entering the plea and waiving his appeal and collateral attack rights knowingly and voluntarily, and that he was completely and fully satisfied with his attorney's representation. Further, Turner did not challenge the government's evidence against him. I took care to ensure that Turner entered his

5

plea both knowingly and voluntarily by reviewing the provisions until I was fully satisfied that Turner understood. I made findings on the record at the plea hearing that Turner was competent to plead and that he voluntarily and knowingly entered his plea. These findings were not mere formalities but rather reflected my considered opinion that Turner was in fact fully competent and that his plea was knowing and voluntary. Nothing that has followed has dispelled that conclusion. Accordingly, I find that Turner's challenge to the validity of his plea has no merit and, therefore, I will dismiss his claim.

## III.

Turner also claims that counsel provided ineffective assistance on several grounds. However, I find that none of Turner's claims meet both the performance and prejudice prongs of *Strickland v. Washington*, 466 U.S. 668, 669 (1984), and therefore, I will dismiss them.

In order to establish an ineffective assistance claim, Turner must show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. *Strickland*, 466 U.S. at 669; *see also Williams v. Taylor*, 529 U.S. 362 (2000). Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *see also Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983); *Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977). In addition to proving deficient performance, a petitioner asserting ineffective assistance of counsel must prove that he suffered prejudice as a result of his counsel's deficient performance. That is, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The petitioner "bears the burden of proving *Strickland* prejudice." *Fields*, 956 F.2d at 1297 (citing

6

*Hutchins*, 724 F.2d at 1430-31). If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1290 (citing *Strickland*, 466 U.S. at 697). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as not to "second-guess" the performance. *Strickland*, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); *see also Bowie v. Branker*, 512 F.3d 112, 119 n. 8 (4th Cir. 2008); *Fields*, 956 F.2d at 1297-99; *Roach v. Martin*, 757 F.2d 1463, 1467 (4th Cir. 1985). In this case, Turner has not demonstrated ineffective assistance of counsel.

### A. Ineffective Assistance by Ms. Slater

Turner alleges that Ms. Slater provided ineffective assistance in failing to communicate with Turner regarding the government's initial plea offer and suggestion that Turner provide substantial assistance. However, Turner has not demonstrated that he suffered any prejudice as a result of counsel's allegedly deficient performance, and therefore, I will dismiss his claims.

In *Missouri v. Frye*, 132 S.Ct. 1399 (2012), defense counsel failed to communicate to Frye an offer of a choice of plea bargains from the prosecutor, the prosecutor's offer eventually expired, and Frye ultimately pled guilty to the criminal charges. The Court held that a criminal defendant has the right to effective assistance of counsel during plea bargaining, and that defense counsel has "the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at 1408. The Court further held counsel's failure to communicate the offer of a plea bargain to Frye constituted deficient performance under *Strickland*. *Id.* at 1409. Additionally, the Court held that to satisfy the

prejudice prong of *Strickland* in the context of an uncommunicated, expired plea bargain, defendants must show "a reasonable probability they would have accepted the earlier plea offer" and "a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." *Id.* at 1410. Similarly, in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), the Court dealt with an argument by a criminal defendant that he was denied effective assistance of counsel in the plea bargaining phase of his case. *Cooper*, 132 S. Ct. at 1383. Specifically, Cooper "argued his attorney's advice to reject the plea constituted ineffective assistance." *Id.* Cooper's attorney had advised him to reject the deal because "the prosecution would be unable to establish his intent to murder [the victim] because she had been shot below the waist." *Id.* Here too, the Court held that a defendant has a right to effective assistance of counsel in considering whether to accept a plea bargain, and that prejudice can be shown only if counsel's deficient performance results in a conviction on more serious charges or a more severe sentence. *Id.* at 1387. In the instant case, even assuming that counsel's performance was deficient, I find that Turner has not demonstrated that he was ultimately prejudiced by counsel's deficient performance.

In the September 2009 letter to Ms. Slater from the United States, the prosecutor proposed a plea agreement that provided for a sentence of 20 years incarceration in exchange for Turner's guilty pleas to Counts One and Two. Turner ultimately accepted a plea offer for a sentence of 15 years incarceration in exchange for guilty pleas to Counts One and Six. Clearly, Turner was not subjected to a more severe sentence as a result of counsel's deficient performance. Further, Turner faced a mandatory minimum sentence of 10 years incarceration on Count Two because the firearm was discharged but only faced a maximum sentence of 10 years on Count Six, therefore I cannot find that he was convicted of a more serious charge.

8

Accordingly, I find that Turner has not demonstrated that as a result of counsel's deficient performance, he was prejudiced and, thus, he has not demonstrated constitutionally ineffective assistance of counsel.

With regard to his claim that counsel failed to communicate the government's suggestion that he could cooperate with the United States in exchange for eligibility for a substantial assistance motion, I also find that Turner has not demonstrated that he was prejudiced by counsel's alleged deficient performance. In the September 2009 letter, the prosecutor discussed the possibility of a substantial assistance motion for Turner if he cooperated with the United States and provided information not only about his co-defendant but about drug-trafficking and other crimes in New York. Although it may be true that defense counsel did not relay this message to Turner, Turner was certainly made aware of his opportunity to cooperate at the March 2010 status hearing. However, at no time during the status hearing did Turner express an interest or desire to cooperate with law enforcement. Further, Turner does not allege and has not demonstrated that his opportunity to cooperate ended with his representation by Ms. Slater. To the contrary, the United States asserts that Turner's opportunity to cooperate extended through the time of his sentencing. Yet, at no time did Turner express a desire to provide assistance to the United States. Therefore, I find that Turner has not demonstrated that he was prejudiced as a result of defense counsel's failure to relay the government's suggestion that he cooperate with law enforcement. Accordingly, I find that Turner has not demonstrated ineffective assistance of counsel and, thus, I will dismiss these claims.

### B. Ineffective Assistance by Mr. Bowman

Turner alleges that Mr. Bowman provided ineffective assistance in misadvising Turner that he would be a career offender subject to a term of life incarceration if he was convicted at

trial and in failing to advise Turner that he could challenge the drug weight at sentencing if he rejected the plea and went to trial. However, Turner has not demonstrated that counsel's performance was deficient or that he suffered any prejudice as a result of counsel's allegedly deficient performance, and therefore, I will dismiss his claims.

Although Turner alleges in his petition that Mr. Bowman advised him that he would be a career offender if he went to trial, the record belies this contention. At Turner's plea hearing, Mr. Bowman specifically stated on the record, in Turner's presence, that Turner would not be considered a career offender. Even if Mr. Bowman had incorrectly advised Turner prior to the plea hearing that he would be a career offender if he went to trial, Turner cannot show prejudice because he was clearly advised that he was not subject to career offender sentencing prior to entering his guilty plea. Further, if Mr. Bowman advised Turner that he could face a life sentence if convicted at trial, the conversation was more likely in reference to the § 851 information that the United States filed prior to Turner's acceptance of the plea offer. With the § 851 enhancement, Turner would in fact have been subject to a sentence of up to life incarceration if he had been convicted at trial. Therefore, I find that Turner has not demonstrated that counsel's performance was deficient or that he was prejudiced by counsel's alleged deficient performance.

With regard to Turner's allegation that counsel provided constitutionally ineffective assistance in failing to advise Turner that he could have challenged the drug weight at sentencing if he had rejected the plea offer and gone to trial, I find that Turner has not demonstrated a reasonable probability that, but for counsel's alleged error, he would not have pled guilty and would have insisted on going to trial.

10

By pleading guilty, Turner received the benefit of a 3-point reduction for acceptance of responsibility, dismissal of Counts Two and Seven against him, the government's agreement to not seek enhancement under § 851, and a stipulated sentence of 180 months incarceration. Without the plea agreement, Turner would have been subject to a ten-year mandatory minimum sentence on Count One. Based on his prior felony drug conviction, Turner's sentence would have been enhanced under § 851, thereby increasing his mandatory minimum sentence on Count One to twenty years incarceration. In addition, Turner would have faced additional exposure to incarceration, fines, supervised release, and special assessments on the remaining counts against him. Further, just based on the two counts to which Turner pled guilty, his guideline calculations resulted in a range of 324 to 405 months. Clearly, the stipulated sentence of 180 months in the plea agreement was a great benefit to him.

Moreover, as summarized by the United States during the guilty plea hearing, the evidence against Turner was well beyond the minimum 50 grams of cocaine base for which he was indicted and to which he pled guilty. In fact, the PSR determined that based on Turner's conduct throughout the conspiracy, it was reasonably foreseeable that he had knowledge or direct distribution of at least 8.4 kilograms of cocaine base. Although Turner argues that his "guidelines would have led to a sentence well below 180 months" had he been able to argue the drug weight at sentencing, he offers no facts or evidence to support his tenuous assertion.

Accordingly, I find that Turner has not demonstrated that counsel's performance was deficient or that he suffered any prejudice as a result of counsel's alleged deficient performance. Therefore, I will dismiss these claims.

## IV.

For the reasons stated herein, I will grant the government's motion to dismiss.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the parties.

**ENTER**: This 20th day of December, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE