# 09-1In the United States District Court
## For the Western District of Virginia
### Charlottesville Division

| | |
|---|---|
| United States of America<br><br>v.<br><br>Kareem Antoine Turner<br>*Defendant.* | No. 3:9-cr-00018<br><br>Memorandum Opinion and Order<br><br>Judge Norman K. Moon |

The Court considers Defendant's *pro se* motion for early termination of supervised release. Dkt. 306. Defendant pled guilty pursuant to Fed. R. Crim. Pro. 11(c)(1)(C) to two counts of the Superseding Indictment, Dkt. 150; Dkt. 18, which charged him with the following: on Count One, conspiracy to possess with intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base and conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, and on Count Six, receiving stolen firearms. Dkt. 172; Dkt. 150; Dkt. 18. On December 21, 2010, pursuant to his plea agreement, this Court sentenced Defendant to 180 months' incarceration on Count One and 120 months' incarceration on Count Six, to run concurrently, followed by five years' supervised release for each count, to run concurrently. Dkt. 172. Defendant filed a subsequent *pro se* appeal, which the Court dismissed as untimely. Dkt. 201. Defendant filed several motions to vacate his sentence pursuant to 28 U.S.C. § 2255, which the Court denied. Dkt. 189; Dkt. 212; Dkt. 234. The Court also denied Defendants' motions to reduce his sentence pursuant to Amendments 750 and 782. Dkt. 238; Dkt. 251. On April 20, 2020, the Court partially granted Defendant's First Step Act motion,

modifying his sentence to a total term of 168 months' imprisonment on Count One, but not less than time served. Dkt. 289.

Defendant was released on May 28, 2021, having thus served two years of his supervised release term, which is due to terminate on May 27, 2026. Defendant is employed for Freedom Care and lives in a stable home in Queens, New York. On July 18, 2022, based on his compliance with supervision, his case was transferred to the Low Intensity Unit supervised by the U.S. Probation Office for the Eastern District of New York, where his case remains. On May 2, 2023, after weighing the 18 U.S.C. § 3553(a) factors, the Court denied Defendant's motion for early termination of supervised release, as he has not yet completed twelve months in the Low Intensity Unit. Dkt. 305.

Defendant again moves for early termination of supervised release, arguing that "the Supervised Release stipulated condition causes harm by violations of contract law, federal and state constitution, common law and rights." Dkt. 306 at 2. These include his "Common Law Right to travel and freedom of movement as a result of 'conditions of supervised release involving travel' and the Constitution," his "Divine Rights," and his "immediate right to '**full disclosure**' with the right to remedy and rebuttal to" the judgment, commitment/judgment, and plea agreement. *Id.* (emphasis in original). Further, he argues that 18 U.S.C. § 3583 is not applicable to 21 U.S.C. §§ 841 and 846 and "[t]here was no remedy of relief proffered by this court to remedy or receive relief from supervised releases and supervised release prerequisites / requisites and what is called stipulated conditions for supervised release as contractual obligations." *Id.*

Because Defendant's arguments are meritless, and he still has not completed twelve months in the Low Intensity Unit, the Court **DENIES** Defendant's motion for early termination of supervised release, Dkt. 306.

The Clerk of the Court is directed to send a certified copy of this order to all counsel of record and to the Defendant.

Entered this 13th day of June, 2023.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE